UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBINSON RANCHERIA OF POMO INDIANS OF CALIFORNIA,<br><br>    Plaintiff,<br><br>    v.<br><br>LUWANA QUITIQUIT, et al.,<br><br>    Defendants. | Case No.: 11-cv 4348 YGR<br><br>**ORDER RE: NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 21, 2012, AT 2:00 P.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties re-argue matters addressed therein. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* Civil L. R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties each shall have fifteen (15) minutes to address the following questions:

1. With respect to the issue of this Court's subject matter jurisdiction to enforce these tribal court judgments, do *Wilson v Marchington*, 127 F.3d 805 (9th Cir. 1997) and *Plains*

*Commerce Bank v. Long Family Land and Cattle Co.*, 554 U.S. 316, 324, 128 S.Ct. 2709, 2716 - 2717 (2008) establish federal question jurisdiction or does the more recent decision in *Miccosukee Tribe of Indians of Florida v. Kraus-Anderson Construction Company*, 607 F.3d 1268 (11th Cir. 2010), finding no federal question jurisdiction over an action filed purely to enforce the judgment, control?

2.  The motion papers reference and rely upon a Declaration of Michelle Monlo, and indicate that such a declaration was served with the motion papers on November 10, 2011. However, the Court's docket does not reflect that such a declaration was filed in this matter. Was the declaration served and, regardless, should the Court consider the declaration as evidence in connection with this motion?

3.  Do the parties agree that, assuming the Court has jurisdiction to enforce the tribal court judgments, the determination whether they should be so enforced is a matter of comity per *Wilson, supra*?

4.  Does the Ninth Circuit's statement in *Wilson, supra*, at 811 that "evidence . . . 'that a party was unable . . . to have access to appeal or review, would support a conclusion that the legal system was one whose judgments are not entitled to recognition,'" standing alone, necessarily require that the Court find that the judgments here are not enforceable under principles of comity?

5.  What efforts, if any, has Plaintiff made to enforce its judgment through tribal authorities? What basis, if any, do Defendants have for failure to comply with the judgments thus far?

6.  Does Plaintiff propose that, if the judgments are recognized here and entered as judgments of the federal court, federal authorities would be authorized to enter onto tribal land to enforce the judgments? If so, under what authority?

**IT IS SO ORDERED.**

Dated: February 16, 2012

YVONNE GONZALEZ ROGERS
**UNITED STATES DISTRICT COURT JUDGE**